**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROWE ALI, | : | |
|  | | Civil Action No. 10-0554 (RMB) |
| Petitioner, | : | |
|  | | |
| v. | : | **OPINION** |
|  | | |
| WARDEN SEAN THOMAS, | : | |
|  | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Rowe Ali
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

   Petitioner Rowe Ali, a pre-trial detainee currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The respondent is Warden Sean Thomas.

---

[1] The Petition asserts jurisdiction under 28 U.S.C. § 2254. For state prisoners, § 2254 is a post-conviction remedy. Jurisdiction to grant the writ to pre-trial detainees exists, however, under 28 U.S.C. § 2241. <u>See</u> <u>Moore v. DeYoung</u>, 515 F.2d 437, 441-42 (3d Cir. 1975).

Based on his affidavit of indigence, the Court will grant Petitioner Rowe Ali's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Because it appears from a review of the Petition that Petitioner Ali is not entitled to issuance of the writ at this time, the Court will dismiss the Petition.  <u>See</u> 28 U.S.C. § 2243.

## I. <u>BACKGROUND</u>

Petitioner asserts that he was arrested on February 20, 2009, for possession of controlled dangerous substances.  He was released on bail in May 2009.  Petitioner alleges that he missed one court date, after which he complied with an order to turn himself in.  Petitioner alleges that bail was increased to $500,000 and he remains in custody.

Petitioner alleges that he is being held pursuant to excessive bail, in violation of his rights under the Eighth Amendment to the U.S. Constitution.  Petitioner does not allege that he has made any effort to exhaust this claim in state court. He asks this Court to enter an order reducing his bail to $20,000.

## II. <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a

>           constitutional defense to a state criminal charge,
>           the district court should exercise its "pre-trial"
>           habeas jurisdiction only if petitioner makes a
>           special showing of the need for such adjudication
>           and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

As noted above, Petitioner does not allege that he has exhausted his state remedies. In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present." Petitioner has alleged no extraordinary circumstances. Accordingly, there is no basis for this Court to intervene in a pending state criminal proceeding.

This Court expresses no opinion as to the merits of Petitioner's claim.

## IV. CERTIFICATE OF APPEALABILITY[2]

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

---

[2] Because jurisdiction was asserted under 28 U.S.C. § 2254, this Court will address whether a certificate of appealability should issue.

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  Accordingly, no certificate of appealability shall issue.

V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: February 18, 2010